IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>    10 S. Howard Street<br>    Third Floor<br>    Baltimore, Maryland 21201<br><br>    Plaintiff,<br><br>v.<br><br>WAL MART STORES EAST, LP<br>    6210 Annapolis Road<br>    Landover Hills, Maryland 20784<br><br>    Defendant. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action instituted by the Equal Employment Opportunity Commission ("The Commission") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1964) et seq. ("Title VII"). The Commission alleges that Wal Mart Stores East, LP ("Defendant") subjected Charging Party Ebrima Jallow to an unlawful hostile work environment based on national origin and religion. Moreover, Defendant unlawfully retaliated against Jallow because he engaged in protected activity.

JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (1991).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII; it is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended.

4. At all relevant times Defendant Wal Mart Stores East, LP, has been an Arkansas corporation with its principal place of business at 601 N. Walton Blvd, Bentonville, Arkansas 72712-4546, has continuously done business in the State of Maryland, and has operated a facility at 6210 Annapolis Road, Landover Hills, Maryland 20784.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), as amended and has continuously employed at least 15 persons.

## STATEMENT OF CLAIMS

6. More than 30 days before the institution of this lawsuit, Charging Party Jallow filed a charge with the Commission alleging that Defendant violated Title VII. All conditions precedent to this lawsuit have been fulfilled.

7. At all relevant times, Defendant employed more than 500 persons in each of 20 or more calendar weeks.

8. Since at least 2009 Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when Defendant subjected

Jallow to an unlawful hostile work environment based on his national origin and religion as exemplified by, but not limited to, the following facts:

    a.    Ebrima Jallow was born in Gambia.

    b.    Jallow is a Muslim.

    c.    Defendant hired Jallow on or about March 4, 2008 as an Asset Protection Associate to work in its Landover Hills facility. Jallow was promoted to Asset Protection Coordinator on February 25, 2009.

    d.    Defendant employed Emmanuel Gilliam as a Store Manager in Defendant's Landover Hills facility.

    e.    Gilliam was Jallow's supervisor. As the Landover Hills Store Manager, Gilliam had actual and apparent authority to fire, discipline, promote, or reassign Jallow.

    f.    Gilliam subjected Jallow to unlawful harassment based on his national origin by making offensive and intimidating remarks to and about Jallow, including but not limited to: pointing to a copy of the movie *Roots*, which Gilliam kept in his office, and suggesting that those of Jallow's national origin contributed to the enslavement of Africans in the United States; calling Jallow a "sellout"; stating that Jallow should "go back to Africa,"; and mocking Jallow's accent.

    g.    Gilliam also harassed Jallow based on his religion, including but not limited to telling Jallow and others that all Muslims do is "blow up" buildings and people, objecting to the hiring of another Muslim employee because of his religion, and making other offensive remarks about Muslims.

    h.    Gilliam's harassment was sufficiently severe and/or pervasive to create a hostile work environment. Gilliam harassed Jallow on a frequent basis during Jallow's tenure as

an Asset Protection Coordinator. Gilliam harassed Jallow in front of co-workers, during staff meetings, in private meetings with Jallow, and when addressing various employment matters such as hiring, the racial make-up of the store and its risk management personnel, and the performance of Jallow's duties. The harassment was threatening, humiliating, and interfered with Jallow's employment.

    i. Additionally, Jallow's co-workers also harassed him often using the same or similar offensive remarks and threats that Gilliam made. Gilliam tolerated the co-workers' offensive remarks and failed to prevent and remedy further harassment.

    j. Jallow informed Defendant that he believed he was being discriminated against on the basis of his national origin and religion.

    k. Following Jallow's complaints, Jallow responded to Defendant's requests for information regarding his complaints and otherwise participated in Defendant's internal investigation of his complaints.

    l. Defendant's hostile work environment culminated in tangible employment action against Jallow. Gilliam threatened to fire Jallow and said that he wanted to find a way to "pin" something on Jallow to get him fired. The harassment culminated in the issuance of two written notices to Jallow placing him on a one-year "coaching" period and threatening to terminate his employment. Gilliam is a supervisor with immediate or successively higher authority over Jallow. Gilliam's harassment was aided by the agency relationship and it culminated in tangible employment action. Defendant is vicariously liable for the hostile work environment that resulted from Gilliam's harassment.

    m. In the alternative, Defendant is negligently liable for the hostile work environment resulting from Gilliam's harassment. Defendant knew, or should have known, that

Gilliam and others repeatedly harassed Jallow on the basis of his national origin and/or religion. The harassment was open and obvious; management was aware of it. Nevertheless, Defendant did not take action to stop and remedy the harassment and/or prevent it from recurring. Moreover, Defendant was on notice of the harassment based on Jallow's complaints but failed take sufficient action to stop, remedy, and/or prevent the harassment from recurring.

9. Since at least 2009 Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when Defendant retaliated against Jallow because he engaged in protected activity as exemplified by, but not limited to, the following facts:

a. Jallow engaged in protected activity when he opposed practices made unlawful by Title VII. More specifically, Jallow opposed Gilliam's harassment and also opposed harassment of other employees based on national origin, religion, and gender. Additionally, Jallow engaged in protected activity when he participated in Defendant's internal investigation of Jallow's complaints.

b. Defendant retaliated against Jallow because he engaged in protected activity. Defendant retaliated against Jallow when it issued written notices to Jallow placing him on a one-year "coaching" period and threatening to terminate his employment. Further, Gilliam retaliated against Jallow by threatening Jallow, ignoring co-worker harassment, continuing to harass Jallow, and telling Jallow's co-workers not to cooperate with him in the performance of his job duties as an Asset Protection Coordinator. The retaliation amounted to conduct that is reasonably likely to deter protected activity and, therefore, constituted adverse employment action.

10. The effects of the practices complained of in paragraph 8 have been to deprive Jallow of equal employment opportunities and otherwise adversely affect his status as employee because of his national origin and religion.

11. The effects of the practices complained of in paragraph 9 have been to deprive Jallow of equal employment opportunities and otherwise affect his status as an employee due to his protected activity.

12. The unlawful employment practices complained of in paragraphs 8 and 9 were intentional.

13. The unlawful employment practices complained of in paragraphs 8 and 9 were done with malice or with reckless indifference to Jallow's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant an injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in religion and national origin harassment.

B. Grant an injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them from retaliating against any person for opposing practices made unlawful by Title VII, or for participating in any investigation into potential violations of Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, which provide for a harassment-free work environment, and which eradicate the effects of their past and present unlawful employment practices.

- 7 -

D.     Order Defendant to institute, carry out, and enforce effective anti-discrimination and anti-harassment policies and complaint procedures.

E.     Order Defendant to institute and carry out effective complaint procedures which encourage employees to come forward with complaints regarding violations of their policies against harassment and retaliation.

F.     Order Defendant to institute and carry out training programs which shall promote employee and supervisor accountability, imposing on all personnel a duty to actively monitor their work areas to ensure compliance with anti-discrimination and anti-harassment policies and complaint procedures.  The training shall instruct all employees to report any incidents and/or complaints of discrimination, harassment, or retaliation to any member of Defendant's management who shall have a responsibility to carry out and enforce Defendant's anti-discrimination and anti-harassment policies.

G.     Order Defendant to post equal employment opportunity notices in conspicuous locations at all of their facilities.

H.     Order Defendant to make Jallow whole by providing compensation for past and future pecuniary compensatory losses (out of pocket expenses) resulting from the unlawful employment practices described in paragraphs 8 and 9, in amounts to be determined at trial.

I.     Order Defendant to make Jallow whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

J.  Order Defendant to pay punitive damages to deter future discriminatory conduct and for acting with malice or reckless disregard to Jallow's federally protected rights, in amounts to be determined at trial.

K.  Grant such further relief as the Court deems necessary, proper, and in the public interest.

L.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its Complaint.

Respectfully Submitted:

P. DAVID LOPEZ
General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

DEBRA LAWRENCE
Regional Attorney

KATE NORTHRUP
Supervisory Trial Attorney

_____
JOHN ALVIN HENDERSON (Fed. Bar. #28419)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)