UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>Defendant. | Case No. 8:13-cv-02655-TDC |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC" or "Commission") brought this action against Defendant Wal-Mart Stores East, LP ("Walmart" or "Defendant") to enforce Sections 703 and 704 of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2, 2000e-3. The Commission alleged that Walmart violated Title VII by creating a hostile work environment based on national origin (Gambian) and religion (Muslim) for Ebrima Jallow ("Mr. Jallow"), formerly an Asset Protection Coordinator at Walmart Store #5129 located in Landover Hills, Maryland. The Commission further alleges that Walmart retaliated against Mr. Jallow because he opposed discrimination and because he participated in investigations of discrimination. Defendant denies the allegations in the Complaint and Defendant does not admit any alleged violation of Title VII or any other law.

The EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Decree, that will resolve the EEOC's claims and promote and effectuate the purposes of Title VII. This Decree does not constitute adjudication on the merits of EEOC's claims.

The parties agree that the United States District Court for the District of Maryland has

1

jurisdiction over this Decree and has jurisdiction to enforce it.

The Court, having examined the terms of this Decree, finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein, it is **ORDERED, ADJUDGED AND DECREED**:

## SCOPE OF DECREE

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action which emanate from the Charge of Discrimination filed by Mr. Jallow. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2. This Decree shall be in effect for a period of 30 months from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

## INJUNCTION PROHIBITING DISCRIMINATION AND RETALIATION

3. Defendant, its officers, directors, agents, employees, successors, assigns, and all persons acting on its behalf, shall comply with all provisions of Title VII, and are enjoined from discriminating against any person on the basis of religion or national origin.

4. Defendant, its officers, directors, agents, employees, successors, assigns, and all persons acting on its behalf are enjoined from unlawfully retaliating against any person in violation of Title VII.

## DURATION OF THE DECREE

5. This Decree shall be in effect for a period of 30 months from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for

purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

## MONETARY RELIEF

6. In its Complaint, EEOC did not assert a claim seeking wage-based damages on Mr. Jallow's behalf. Within 30 calendar days after entry of this Decree, Defendant shall pay Charging Party Ebrima Jallow Seventy-Five Thousand Dollars ($75,000) for alleged compensatory and punitive damages. The check will be sent directly to Mr. Jallow, and a copy of the check and any related correspondence will be emailed to the EEOC, c/o Melanie Peterson, melanie.peterson@eeoc.gov. Mr. Jallow will provide a signed IRS Form W-9 to Walmart and Walmart will issue an IRS Form 1099 as required by law to Mr. Jallow for the payment of Seventy-Five Thousand Dollars ($75,000). Mr. Jallow also will provide Walmart with a completed Associate Information form, a copy of which is attached as Attachment B, by filling out only the top half of the form.

## WRITTEN POLICIES AND PROCEDURES

7. Defendant agrees to maintain and enforce written policies prohibiting discrimination and retaliation in compliance with applicable law.

8. During the duration of the Decree, Defendant agrees to report to the Commission, within 30 days after taking effect, any modifications, revocations, or revisions to its policies or procedures that concern or affect the subject of discrimination or retaliation under Title VII.

## TRAINING

9. Within 120 days after the entry of this Decree, Defendant will provide one hour of training for all salaried members of management at Store #5129 and the Market Human Resources Managers responsible for Store #5129. The training shall address unlawful discrimination, harassment and retaliation, Defendant's policies prohibiting discrimination and retaliation, and how to report and investigate discrimination and retaliation allegations or complaints. Defendant shall provide EEOC with an outline of the training one week before the training is scheduled to occur. Within fourteen (14) business days of the training's completion, Defendant will provide certification to the EEOC's counsel of record that such training has been provided, including the date[s], duration, and location[s] of the training, and the identities of the trainees.

10. Defendant shall ensure that any newly-hired, transferred, or promoted salaried members of management at Store #5129 and/or Market Human Resources Managers with responsibility at Store #5129 shall receive the training described in the above paragraph within 30 days of their promotion, transfer, or hiring into a covered position.

11. Within 120 days after the entry of this Decree, Defendant shall also provide the training described in Paragraph 9 to the former Store Manager of Store #5129, who EEOC identified in its lawsuit as having harassed and discriminated against Mr. Jallow while he and Mr. Jallow worked at Store #5129 (hereinafter, the "Former Store Manager of Store #5129"). Within fourteen (14) business days of the training's completion, Defendant will provide certification to the EEOC's counsel of record that such training has been provided to the Former Store Manager of Store #5129, including the date[s], duration, and location of the training.

12. Within 180 days of entry of the Decree, Defendant shall also ensure that the Store Manager at Store #5129 review Defendant's current policies prohibiting discrimination, harassment, and retaliation with all hourly associates during their stores meetings.

## RECORDKEEPING

13. For the duration of this Decree, Defendant shall maintain records of each complaint of national origin discrimination, religious discrimination, or unlawful retaliation made regarding the Former Store Manager of Store #5129. Defendant shall also keep a record of any action taken in response to each complaint recorded, including any investigation conducted.

14. Defendant shall deliver to EEOC all complaints referenced in the above paragraph no later than 30 days after Defendant's receipt of the complaint/s. At the same time, Defendant shall also provide EEOC with current contact information for each person making the complaint and each person alleged to have information regarding the complaint. Delivery may be effected through electronic means, such as e-mail addressed to EEOC Trial Attorney Melanie M. Peterson at Melanie.peterson@eeoc.gov.

15. Defendant shall provide to EEOC all records of action taken Defendant took in response to complaints referenced in Paragraphs 13 and 14 including documents reflecting any investigation conducted by Defendant. Such documents shall be delivered to EEOC no later than 30 days after the date/s they are prepared. Delivery may be effected through electronic means, such as e-mail addressed to EEOC Trial Attorney Melanie M. Peterson at Melanie.peterson@eeoc.gov.

## POSTING OF NOTICE

16. Defendant shall post copies of the Notice attached as Attachment A, in a conspicuous location where employee notices are customarily posted in Store #5129. This Notice shall be posted and maintained for the duration of the Decree, beginning 14 calendar days after entry of the Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. In the event that any notice becomes defaced, marred, or otherwise made unreadable, Defendant will ensure that a new, readable copy of the notice is posted in the same manner as specified herein.

## MISCELLANEOUS PROVISIONS

17. The Court shall retain jurisdiction over the parties to enforce the terms of this Decree. This Court is empowered to enforce this Decree through all means at its disposal including but not limited to contempt proceedings, monetary sanctions, and injunctive relief.

18. The parties shall bear their own costs and attorneys' fees.

19. If any provision of this Decree is declared to be unlawful, only the specific provision in question shall be affected and the other provisions shall remain in full force and effect.

20. This Decree constitutes the entire agreement with regard to the above-captioned case. Any modification to this agreement must be mutually agreed to and memorialized in a separate writing signed by EEOC and Defendant and approved by the Court.

21. When this Decree requires the submission of any document or certification to the EEOC, the document or certification shall be mailed to Melanie Peterson, Senior Trial Attorney, at EEOC's Philadelphia District Office.

22. In the event the Commission believes Defendant has failed to comply with any provision of this Decree, the Commission shall:

    a. Notify Defendant in writing of the alleged non-compliance by e-mail to Kevin M. Kraham, Littler Mendelson, P.C., 1150 17th Street, N.W., Suite 900, Washington DC 20036, kkraham@littler.com; and

    b. Afford Defendant at least 15 business days after service of the written notice to remedy the alleged non-compliance.

23. The undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

FOR EEOC:

_/s/ Kate Northrup (for)_
Debra M. Lawrence
Regional Attorney
EEOC, Philadelphia District Office

_/s/ Kate Northrup_
Kate Northrup
EEOC, Supervisory Trial Attorney

_/s/ Melanie M. Peterson_
Melanie M. Peterson
Senior Trial Attorney
EEOC, Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Telephone: (215) 440-2689
melanie.peterson@eeoc.gov

FOR DEFENDANT:

_/s/ Kevin M. Kraham_
Kevin M. Kraham
LITTLER MENDELSON, P.C.
1150 17th Street NW
Suite 900
Washington, D.C. 20036
Telephone: (202) 423-2404
Fax: (866) 207-8485
kkraham@littler.com

SO ORDERED.

Signed and entered this 11th day of June, 2015.

_/s/ Theodore D. Chuang_
THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE

ATTACHMENT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE TO EMPLOYEES POSTED PURSUANT TO CONSENT DECREE ISSUED BY THE UNITED STATES DISTRICT COURT FOR MARYLAND

This Notice is being posted pursuant to a Consent Decree entered into between Wal-Mart Stores East, LP and the Equal Employment Opportunity Commission ("EEOC").

Title VII of the Civil Rights Act, 42 U.S.C. Section 2000e, *et seq.*, ("Title VII"), prohibits discrimination against employees and applicants for employment on the basis of their national origin or religion. Title VII also prohibits unlawful retaliation against any employee or applicant.

Any Associate who believes that he or she has been subjected to discrimination or retaliation is expected to report the conduct as soon as possible and comply with Walmart reporting requirements under Walmart's Discrimination and Harassment Prevention Policy (PD-19). If you believe you have been discriminated or retaliated against, you may also contact the EEOC at 1-800-669-4000. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for 30 months and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to Melanie M. Peterson, Senior Trial Attorney at 801 Market Street, Suite 1300, Philadelphia, PA 19107-3127 or by e-mail at melanie.peterson@eeoc.gov, or by telephone at (215) 440-2689.

Dated: _____    _____
　　　　　　　　　　　　　　　　　WAL-MART STORES EAST, LP

8

## Associate Information Form

The following information is requested solely for record-keeping purposes and will not be used in any decision affecting your continued status as an Associate of Wal-Mart Stores, Inc.

Date _____  SSN: _____  Birth Date _____

### Name (as it appears on your Social Security Card) and Contact Information

_____  _____  _____
(Last Name)                 (First Name)                (Middle Initial)

Name to appear on Name Badge _____

Street Address: _____ Apt. # ____

City: _____ State _____ Zip Code _____

Home Phone ____-____-_____  Alternate Phone: ____-____-_____

Work Phone ____-____-_____

County _____  Country _____

### Emergency Contact Information

Primary Contact                                   Secondary Contact (Optional)

Name _____                      Name _____

Address _____                      Address _____

City/State _____                     City/State _____

Zip Code _____                      Zip Code _____

Telephone _____                      Telephone _____

THE ASSOCIATE AND WAL-MART STORES, INC. ACKNOWLEDGE THAT THIS FORM DOES NOT CREATE AN EXPRESS OR IMPLIED CONTRACT OF EMPLOYMENT OR ANY OTHER CONTRACTUAL COMMITMENT. EMPLOYMENT WITH WAL-MART IS ON AN AT-WILL BASIS, WHICH MEANS THAT EITHER WAL-MART OR THE ASSOCIATE IS FREE TO TERMINATE THE EMPLOYMENT RELATIONSHIP AT ANY TIME FOR ANY OR NO REASON, CONSISTENT WITH APPLICABLE LAW.

Revised 10.18.06